IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Steven Earl Richmond, ) <br> ) <br> ) Civil Action No. 6:16-0070-MGL-KFM <br> Plaintiff, ) <br> ) <br> vs. ) **REPORT OF MAGISTRATE JUDGE** <br> ) <br> Charles B. Simmons, Jr., d/b/a ) <br> Greenville County Master in Equity; ) <br> Harriet Wallace, d/b/a Roger Townsend ) <br> & Thomas Attorney at Law; ) <br> Robert R. Hill, Jr., d/b/a CEO South ) <br> State Bank; ) <br> State of South Carolina, Rule 53 ) <br> Masters  and Special Referees and ) <br> Act 55 of 1999; ) <br> Allen Wilson, In his capacity d/b/a ) <br> South Carolina Attorney General; ) <br> Joe Doe 1-100, ) <br> ) <br> ) <br> Defendants. ) <br> ) | |

The *pro se* plaintiff is a resident of Greenville, South Carolina.  The plaintiff has brought suit against the Master-in-Equity for Greenville County, the attorney who represented the lender in a foreclosure action against the plaintiff, the Chief Executive Officer of the foreclosing lender, and the State of South Carolina with respect to actions taken by the Master-in-Equity for Greenville County and the Court of Common Pleas in the foreclosure action.  The underlying foreclosure is *South State Bank v. Steven Earl Richmond*, Case No. 2014-CP-23-4311.

The plaintiff states that he has named Attorney General "Allen" Wilson as a defendant because he wants him to conduct an investigation and to issue an opinion (doc.

1 at 6). As to the defendants listed as "John Doe 1-100" in the caption of the complaint, the plaintiff writes: "To be determined at a later date" (*id.*). In his prayer for relief, the plaintiff seeks: (1) a temporary and preliminary injunction preserving the status quo" before the final judgment (*id.*); (2) a "MANDATORY JUDICIAL NOTICE OF VOID ORDER" because the summary judgment granted in the foreclosure action "was a complete nullity and without legal effect" and was rendered in violation of constitutional provisions (*id.* at 7); (3) a "QUIET TITLE" for 213 Sandy Lane, Greenville, South Carolina 29605; (4) a jury trial (*id.*); (5) judicial review of "his" administrative process and remedy (*id.*); (6) a finding on the facts and "execut[ion] of the law of the contract" before the court (*id.*); (7) summary judgment on the administrative remedy; (8) a court order directing "Defendant" to pay $133,425.00 to the plaintiff or to "relinquish the property back to" the plaintiff (*id.*); and (9) release of the "Order of the Court to Richmond, Steven Earl, GENERAL EXECUTOR of the STEVEN EARL RICHMOND Estate" (*id.* at 8).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). In light of the fact that the plaintiff paid the filing fee, initial review is *not* being conducted pursuant to 28 U.S.C. § 1915. *Bardes v. Magera*, Case No. 2:08-487- PMD-RSC, 2008 WL 2627134, at *8–10 (D.S.C. June 25, 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Abstention**

This civil action is an attempt to "preempt" state court proceedings in Case No. 2014-CP-23-4311. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court should not equitably interfere with state proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir.1996). The Supreme Court noted that courts should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted). The United States Court of Appeals for the Fourth Circuit has established the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The *Younger* doctrine was originally applied to protect state interests represented in criminal prosecutions, but the Supreme Court has subsequently extended the rationale in *Younger* for abstention in favor of state civil actions as well when important state interests are at stake. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975) (the rationale of *Younger* "is thus applicable to a civil proceeding such as this quite as much as it is to a criminal proceeding"), which, at 420 U.S. at 607, cites *Lynch v. Snepp*. 472 F.2d 769 (4th Cir. 1973). In *Lynch*, the Court of Appeals noted that "[t]he long-standing public policy against federal court interference with state court proceedings antedates the Constitution." 472 F.2d at 772.

Since post-judgment motions in Case No. 2014-CP-23-4311 are pending before the Master-in-Equity for Greenville County, the first prong of the abstention test is satisfied. As to the second criteria, the court observes that there is an important state interest in adjudicating foreclosure matters pertaining to real property located within the

state. *See Shaffer v. Heitner*, 433 U.S. 186, 207–208 (1977) (recognizing a state's "strong interests in assuring the marketability of property within its borders[ ] and in providing a procedure for peaceful resolution of disputes about the possession of that property") (footnote omitted).  With respect to the third criteria, the Supreme Court has held that ordinarily a pending state proceeding provides a litigant the accused a fair and sufficient opportunity for vindication of federal constitutional rights. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (denying request to enjoin state criminal proceedings).  The plaintiff in this case can pursue his claims in state court in Case No. 2014-CP-23-4311.  Therefore, this federal district court should abstain from hearing the plaintiff's claims for injunctive relief regarding Case No. 2014-CP-23-4311.

**The Anti-Injunction Act**

Title 28, United States Code § 2283 mandates that, except in certain circumstances, "[a] court of the United States may not grant an injunction to stay proceedings in a State court[.]"  The Anti-Injunction Act constitutes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) ("The Act's purpose is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court."), which was a plurality opinion.  These three exceptions are injunctions:  (1) expressly authorized by statute; (2)  necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988).  None of the exceptions are applicable in this case.  Moreover, in *Cross v. Deutsche Bank Trust Co. Americas*, Civil Action No. 3:11-1010-CMC-PJG, 2011 WL 1624958, at *2 (D.S.C. Apr. 28, 2011), this court held that a *pro se* plaintiff's claims under the Fair Debt Collection Practices Act with respect to a state court judgment in a foreclosure action would be barred by the *Rooker-Feldman* doctrine and by the Full Faith and Credit

4

statute, 28 U.S.C. § 1738. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

The Public Index database on the Greenville County Clerk of Court website (https://www2.greenvillecounty.org/SCJD/PublicIndex/ for the Greenville County, last visited on Jan. 11, 2016) indicates that the judgment in Case No. 2014-CP-23-4311 was issued on May 13, 2015. This federal court may take judicial notice of Case No. 2014-CP-23-4311. See *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

This federal court cannot review or set aside the judgment of the Master-in-Equity in the foreclosure action against the plaintiff because the *Rooker-Feldman* doctrine is applicable. Although the application of the *Rooker-Feldman* doctrine has been limited, *see, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), and *Davani v. Virginia Dept. of Transp.*, 434 F.3d 712, 716–20 (4th Cir. 2006), appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only the Supreme Court of the United States may review a decision of a state court in a direct appeal. 28 U.S.C. § 1257; *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment).

**Master in Equity Simmons**

The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C.

5

Const. Art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989).  The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See Bailey v. State*, 424 S.E.2d 503, 503 (S.C. 1992).  Charles B. Simmons, Jr., is the Master-in-Equity for Greenville County.  Masters-in-Equity are judges in the State of South Carolina's unified judicial system.  *In Re Evans*, 638 S.E.2d 64, 65–66 (S.C. 2006).  Judge Simmons is immune from suit with respect to his actions in Case No. 2014-CP-23-4311. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 351–64 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); and *Albert Russell Clay, trading as CMC Steelworks v. Joseph Ed Nix, et al.*, Civil Action No. 9:08-1371-MBS, 2008 WL 2607769, at *6  (D.S.C. July 1, 2008) (applying doctrine of judicial immunity in suit against Master-in-Equity for Beaufort County).

In order to obtain injunctive relief, a plaintiff must establish:  (1) the likelihood that the plaintiff will succeed on the merits; (2)  the likelihood of irreparable harm to the plaintiff if the injunction is not granted; (3)  that the balance of equities tips in his or her favor; and (4)  the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 19–20 (2008).  The plaintiff has failed to establish any of these elements. Moreover, the plaintiff is not entitled to an injunction in his pending state court case because he has had available state court remedies to raise his constitutional claims in Case No. 2014-CP-23-4311.  Hence, the plaintiff's motion for a preliminary injunction (doc. 5) should be denied.

**Attorney General Wilson**

This federal court cannot compel the Attorney General of South Carolina to conduct a criminal "investigation" of the defendants. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person).

**State of South Carolina**

The State of South Carolina is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 744–45 (2002).

**Plaintiff's Payment of the Filing Fee**

In the above-captioned case, the plaintiff paid the full filing fee of four hundred dollars ($400). Based on the aforementioned cases, this case would ordinarily be subject to summary dismissal under 28 U.S.C. § 1915. The provisions of the 28 U.S.C. § 1915, however, do not apply in cases where the filing fee has been paid, as the statute refers to cases proceeding *in forma pauperis*. *See Willie Key v. United States Dep't of Transportation, et al.*, Civil Action No. 2:01-3076-DCN (Entry No. 10 [expressing the view that pretrial dismissal procedures of the PLRA/AEDPA are not available in non-prisoner/non-"IFP" (*in forma pauperis*) cases]). Although Chief Judge Norton's Order in *Key*, Civil Action No. 2:01-3076-DCN (Entry No. 10), indicates that the pre-trial dismissal procedures of the PLRA/AEDPA are not available in non-prisoner/non-"IFP" cases, other District Judges in this Court have held that a pre-paid, *pro se* case may be summarily dismissed. *See* Order of the Honorable Margaret B. Seymour, United States District Judge, in *Albert Russell Clay, trading as CMC Steelworks v. Joseph Ed Nix, et al.*, Civil Action No. 9:08-1371-MBS, 2008 WL 2607769, at *7 (D.S.C. July 1, 2008). Payment of the filing fee

does not cure the fact that the plaintiff is seeking review of state court proceedings in a foreclosure case.  *See Mills v. Greenville Cnty.*, 586 F. Supp. 2d 480, 487 (D.S.C. 2008) (collecting cases holding that, even where full filing fee has been paid, district court may dismiss a complaint *sua sponte*).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process and deny the plaintiff's motion for a preliminary injunction (doc. 5).  The plaintiff's attention is directed to the notice on the next page.


January 12, 2016                                             s/ Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).